MAR 2 1 2012
VERMONT



STATE OF VERMONT
SUPERIOR COURT—ENVIRONMENTAL DIVISION

Town of Huntington,
  Plaintiff,

    v.

Rolinda Goodrich and
  Gregory Harriman, Defendants.

Docket No. 27-2-11 Vtec
(Municipal Zoning
Enforcement Action)

## Judgment Order

This Court held a merits hearing in this matter on March 20, 2012 at the Chittenden Superior Court – Civil Division. Appearing at the trial were James F. Carroll, Esq. and Edmund W. Hansen, Zoning Administrator, on behalf of the Town of Huntington, Vermont ("the Town"). Rolinda Goodrich and Gregory Harriman, the named Defendants, appeared pro se. The Court conducted a site visit with the parties on the afternoon prior to the trial, which provided helpful context for the evidence presented at trial.

The property that is the subject of this municipal zoning enforcement proceeding is located at 1553 Camel's Hump Road in Huntington, Vermont. The subject property is owned by both Defendants but of the two, only Defendant Goodrich occupies the property. The property consists of approximately 0.16± acres and is located in the Rural Residential Zoning District. The Zoning Regulations for the Town of Huntington, Vermont[1] ("the Regulations") provide for a minimum lot size of five acres in that District. Regulations § 3.2(D). The parties jointly represented that Defendants' property is a pre-existing small lot.

Defendants' property includes a mobile home, to which one or both Defendants have constructed several additions; four sheds; and a deck that stands independent of the home. Many (although not all) of these additions and structures encroach into the front yard setback established by the Regulations. See Regulations § 3.2(D).

Defendants' property was the subject of a prior notice of alleged zoning violation. As a result of that notice, Defendant Goodrich filed an appeal with the Town of Huntington Development Review Board ("the DRB"). She also submitted an application for a variance from the front yard setback requirements for several of the

---

[1] The Regulations were admitted at trial as Town Exhibit 11.

1

additions and structures on the property. As a consequence, the DRB issued a decision on September 4, 2010, a copy of which was admitted at trial as Town Exhibit 9. The DRB granted Defendant Goodrich's variance request, subject to several conditions, including that Defendant Goodrich must (1) remove a shed and deck patio (identified as Structures 5 and 6 on a map attached to the DRB decision); and (2) install a fence along the western, northern, and eastern boundaries of Defendants' property. No party appealed the DRB's decision.

When Defendant Goodrich failed to comply with the conditions of the September 4, 2010 DRB decision, and after a number of attempts by the Town of Huntington Zoning Administrator ("the Administrator") to compel Defendant Goodrich to comply with these conditions, the Administrator issued a notice of zoning violation ("NOV") on November 30, 2010 to both Defendants. Neither Defendant filed a timely appeal from this NOV. The Town thereafter filed and served each Defendant with the complaint which was the subject of the current merits hearing. In our previous Entry Order of December 27, 2011, the Court issued partial summary judgment to the Town of Huntington, concluding that Defendants had violated the conditions attached to their variance approval and had undertaken land development without a valid zoning permit. Thus, the only issue taken up at trial was the appropriate remedy and fines, if any.

After the Court afforded all parties an opportunity to present evidence at the March 20, 2012 merits hearing, the Court took a brief recess to deliberate. The Court then returned to the courtroom and, with the parties still in attendance, issued its Findings of Fact and Conclusions of Law on the record. In accordance with those Findings and Conclusions, the Court Orders as follows:

1. Defendant Goodrich shall immediately remove the shed and patio deck, identified as Structures 5 and 6 on the site map attached to the September 4, 2010 DRB decision (Exhibit 9) and dispose of all materials and contents from such Structures off site.

2. Defendant Goodrich shall immediately install a fence and landscaping along or parallel to a portion of the northern boundary of Defendants' property, as depicted on Exhibit 12(K), which is a photo of the rear yard upon which Defendant Goodrich wrote during the merits hearing.

3. Defendant Goodrich shall immediately install a fence along or parallel to the eastern boundary of Defendants' property, unless she and the Town agree that trees, brushes, or other landscaping may replace the fencing on the eastern boundary, due to ledge in the area making the installation of a fence difficult or impossible. If such an agreement is reached, it must be in

2

writing, signed by Defendant Goodrich and a Town representative, and filed with the Court in this Docket.

4. Defendant Goodrich shall pay a fine for the identified zoning violations of **$10.00 per day**, running from the expiration of the cure period in the November 30, 2010 NOV (i.e., January 1, 2011) through the date of trial (March 20, 2012). Because 445 days elapsed during that time period, Defendant Goodrich shall pay the Town a total fine of **$4,450.00**,[2] subject to paragraph 5, below.

5. In the event that Defendant Goodrich shall complete all remedial site work identified in paragraphs 1 through 3, above, within sixty (60) days of the date that this Judgment Order becomes final (i.e., after the applicable appeal period expires or any appeal taken becomes final), the fine due shall be reduced to **$5.00 per day**, thereby totaling **$2,225.00**.

6. All fines chargeable, due, and owing from Defendant Goodrich shall also be chargeable, due, and owing from Defendant Harriman, except that such fines shall be without recourse as to him personally, but only as to his interest in the subject property.

This concludes the current proceedings before this Court in this enforcement action.


Done at Berlin, Vermont this 21st day of March, 2012.


Thomas S. Durkin, Environmental Judge

---

[2] Any post-judgment interest shall accrue at the legal rate of 12% per annum. 9 V.S.A. § 41a